IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,                Case No. 3:08 CV 108

  -vs-

                                            O  R  D  E  R

TELEDYNE TECHNOLOGIES,
INCORPORATED,

                Defendant.

KATZ, J.

     Before this Court is Plaintiff's ("Government") motion to enter a consent decree with the Defendant (Doc. No. 5). Pursuant to U. S. Department of Justice regulations and controlling regulations and statutes, the Government published in the Federal Register a notice that the Consent Decree had been lodged with this Court. 75 Fed. Reg. 25031 (May 6, 2008). Publication of the Notice commenced a thirty (30) day period for submission of pubic comments on the Consent Decree. That public comment period has now expired and neither the Government nor the Court has received comments on or objections to the proposed Consent Decree.

     "When reviewing a consent decree, a court need only 'satisfy itself that the settlement is reasonable, fair, and consistent with the purposes that CERCLA is intended to serve'". *United States v. Akzo Coatings of Am., Inc*. 949 F.2nd 1409, 1424 (6th Cir. 1991) (citations omitted). The Court is required to apply the arbitrary and capricious test to the proposed settlement as outlined in the Consent Decree and not required to conduct its own *de novo* review. *Id*. At 1424-1425. Protection of the public interest is the key consideration in making the determination of fairness,

reasonableness and adequacy. In the case at bar, there have been no challenges to the proposed Consent Decree filed and the Government's motion is unopposed.

As stated in the Government's memorandum in support of the Consent Decree, this Court must bear in mind the presumption of favoring voluntary settlement, which is particularly strong regarding Consent Decrees negotiated by the Department of Justice. *See United States v. Hercules, Inc.* 961 F.2d 796, 798 (8th Cir. 1992). This Court finds that the Consent Decree is both procedurally and substantively fair, reasonable, adequate, and consistent with CERCLA and its intent. The settlement in this case resolves the United States' claim for the Navy's response costs at the subject Site. As such, the proposed Consent Decree sufficiently compensates the public. The Decree is a product of arms-length negotiation between the parties, each of which were represented by counsel experienced in the area. As a result of the Consent Decree, the Government will recover the majority of its unreimbursed past response costs and the costs of future clean up work have been addressed.

For the reasons herein above stated, the Court grants the Government's motion to enter the Consent Decree previously lodged of record in this case, finding that such Consent Decree is appropriate and, therefore, approved and entered. That Consent Decree constitutes the final judgment between the parties to this case and serves as a final judgment between them. Therefore, this case shall forthwith be dismissed with prejudice to all parties upon the filing of the Consent Decree.

IT IS SO ORDERED.

    s/ *David A. Katz*
    DAVID A. KATZ
    U. S. DISTRICT JUDGE